1  **WO**

2

3

4

5              **NOT FOR PUBLICATION**

6         IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9   In re:                          )   No. 05-CV-3870-PHX-FJM
                                     )
10  The Whole Life International     )   **ORDER**
    Foundation,                      )
11                                   )
           Debtor.                   )
12  _____)
                                     )
13  Tina M. Brant, et al.,           )
                                     )
14          Appellants,              )
                                     )
15  vs.                              )
                                     )
16  The Solheim Foundation, et al.,  )
                                     )
17          Appellees.               )
                                     )
18  _____)

19                        **I**

20         The Solheim Foundation ("Solheim") leased property to The Whole Life International

21  Foundation ("Whole Life") for use as a homeless shelter.  In August 2004, Whole Life filed

22  for bankruptcy in the United States Bankruptcy Court for the District of Arizona.  Pursuant

23  to that action, Whole Life agreed to depart the leased premises.   Solheim thereafter

24  participated in the relocation of the shelter's residents.  That relocation spawned a collateral

25  action: seventeen of the former residents ("Brant Plaintiffs") sued Solheim in Maricopa

26  County Superior Court for state law violations associated with the relocation.

27         Solheim removed the state action to the Bankruptcy Court.  Brant Plaintiffs opposed

28  removal and sought remand and the award of attorneys' fees and costs on the grounds that

1   the removal was improper and in violation of Rule 9011, Fed. R. Bankr. P., and the Rules of

2   Professional Conduct.  On July 1, 2005, the Bankruptcy Court entered an order remanding

3   the action to state court.  The order did not reference Brant Plaintiffs' request for sanctions.

4   Brant Plaintiffs then sought leave from the Maricopa County Superior Court to amend their

5   remanded complaint to include a state law claim for abuse of process.  Solheim alerted the

6   Bankruptcy Court to the impending abuse of process claim, and moved for clarification of

7   the remand order to address the earlier motion for sanctions because, Solheim contended, it

8   was based upon the same factual allegations as the state abuse of process claim.  Brant

9   Plaintiffs opposed the motion.

10          The Bankruptcy Court held a brief hearing on the issue in which the court stated:

11          I'm not at all unclear about what I ordered.  I did not order sanctions against
            your client [Solheim].  I don't see any problem with having an amended order
12          that makes that clear.  I don't see that anyone opposes that or is even contesting
            that I didn't order sanctions.  I didn't order sanctions.  I didn't sanction your
13          client [Solheim].  I didn't find it was an abusive process.  If I thought it was an
            abusive process it would have been in my order.
14

15   Transcript at 3.  The court then asked if Brant Plaintiffs agreed, to which they replied, "That's

16   correct.  [W]e think that your order is abundantly clear.  We think that the Court remanded

17   the case and that there were no sanctions ordered."  Id. at 4.  Judge Hollowell then requested

18   that an order of clarification be produced for her signature.

19          The parties could not agree on the appropriate language for the order of clarification.

20   Solheim submitted a proposed order for clarification.  Brant Plaintiffs opposed it.  The court

21   then issued the following order:

22          IT IS HEREBY ORDERED:

23          1.  Clarifying the July 1, 2005 Order to specifically deny the request for
            sanctions against the Solheim Foundation and its counsel filed by the Bran[]t
24          Plaintiffs; and

25          2. Further finding[] that the Solheim Foundation's removal to this Court of the
            Bran[]t Plaintiff's Superior Court lawsuit was not an abuse of legal process.

26   Order Granting Motion for Clarification at 2.  Brant Plaintiffs appeal that order pursuant to

27   28 U.S.C. § 158, arguing that it exceeded the Bankruptcy Court's subject matter jurisdiction.

28

1   We have before us appellants' opening brief (doc. 7), appellee's answering brief (doc. 10),

2   and appellant's reply brief (doc. 13).

3        "The existence of subject matter jurisdiction is a question of law reviewed de novo."

4   Schoenberg v. Exportadora de Sal, S.A. de C.V., 930 F.2d 777, 779 (9th Cir. 1991) (citation

5   omitted).  We review the disputed order de novo and affirm.

6                                          **II**

7                                          **A**

8        The disputed order clarifies that the Bankruptcy Court denied the request for sanctions

9   against both Solheim and its counsel.  Appellants contend that they only requested sanctions

10  against Solheim's counsel, and not against Solheim itself, and therefore the court had no

11  jurisdiction to conclude that sanctions should not be awarded against Solheim.  We disagree

12  because the motion for attorneys' fee and costs can reasonably be read as a request for

13  sanctions against both Solheim and its counsel.

14       Appellants requested sanctions "on the basis that removal was improper and motivated

15  in contravention of Rule 9011 and the Rules of Professional Conduct."  Memorandum in

16  Support of Motion to Remand at 13.  Rule 9011(c), Fed. R. Bankr. P., states that the court

17  may "impose an appropriate sanction upon the attorneys . . . or parties" that are responsible

18  for a violation of the rule.  Appellants set forth some allegations specifically against "defense

19  counsel" and other allegations specifically against "defendants."  Specifically, appellants

20  alleged that Solheim's counsel "pursued removal despite overwhelming authority that there

21  was no legitimate grounds [sic] to do so."  Memorandum in Support of Motion to Remand

22  at 12.  Appellants set forth the following allegations with regard to "defendants":

23           The evidence strongly suggests that Defendants acted in bad faith and that
             their removal of Plaintiffs' lawsuit was motivated by forum shopping, was
24           frivolous, improper and calculated to derail Plaintiffs' case.  It appears that
             Defendants intend to pursue a war of attrition in the hopes that many, if not all,
25           of the Plaintiffs in the lawsuit against them will be lost along the way.

26  The distinction between "defense counsel" and "defendants" might have been unintentional.

27  However, appellants' memorandum could reasonably be read as a motion for sanctions

28  against both Solheim and its counsel.  Therefore, we reject appellants' argument that the

1  Bankruptcy Court acted outside of its jurisdiction by concluding that sanctions should not
2  be awarded against Solheim.

3  **B**

4  The disputed order states that Solheim's removal "was not an abuse of legal process."
5  Order Granting Motion for Clarification at 2.  Appellants contend that the Bankruptcy Court
6  thereby ruled upon the state law abuse of process claim, and that it had no jurisdiction to do
7  so.  We disagree because the Bankruptcy Court did not rule upon the state law abuse of
8  process claim.

9  Abuse of the legal process is both 1) a general description of the grounds that could
10  support an order for sanctions under Rule 9011,[1] and 2) the name of a specific state law cause
11  of action.  The disputed order states that the removal "was not an abuse of legal process," but
12  does not articulate whether the phrase was used in the general or specific sense.  It is
13  undisputed that the Bankruptcy Court would have had no jurisdiction to rule upon the state
14  law claim for abuse of process.  Appellants set forth no reason for us to believe that the
15  Bankruptcy Court ruled on a state claim rather than a federal contention.  Therefore, we
16  conclude that the Bankruptcy Court used "abuse of legal process" in its general sense to
17  clarify the grounds upon which it denied the motion for sanctions, and did not rule upon the
18  state law cause of action.[2]  We therefore reject appellants' argument that the Bankruptcy
19  Court acted outside of its jurisdiction.

20  **III**

21  Appellants move to strike various statements in Solheim's answering brief.  Those
22  statements have no effect on our determination, and accordingly, the motion to strike is
23  denied as moot (doc. 13).

24  _____

25  [1] Among other reasons, a litigant violates Rule 9011 by submitting to the court a
26  petition, pleading, written motion, or other paper for "any improper purpose, such as to
   harass or to cause unnecessary delay or needless increase in the cost of litigation."

27  [2] The preclusive effect of the denial of sanctions on a subsequent state law claim for
28  abuse of process is not before us, and therefore we do not consider it herein.

1

**IV**

2       **IT IS ORDERED AFFIRMING** the order of the Bankruptcy Court.

3       **IT IS FURTHER ORDERED DENYING** as moot appellants' motion to strike (doc.

4  13).

5       DATED this 4th day of May, 2006.

6

7

8           *Frederick J. Martone*

9             Frederick J. Martone
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28